UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LO MEI SEH,<br><br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br><br>   Defendant. | Case No. 18-cv-00885-DMR<br><br>**ORDER RE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES** |

Plaintiff Lo Mei Seh filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny her application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted in part Plaintiff's motion for summary judgment and remanded the case for further proceedings. [Docket No. 21.] Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Harvey Sackett now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket Nos. 26-1 ("Mot."), 30 ("Reply").] The Commissioner filed an analysis of the fee request. [Docket No. 29 ("Response").]

Having carefully considered the parties' submissions, the court grants the motion.

**I. BACKGROUND**

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on November 15, 2013. Her application was initially denied on April 10, 2014 and again on reconsideration on September 24, 2014. Following a hearing, an ALJ issued a decision finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, she appealed to this court. The court granted in part Plaintiff's motion for summary judgment and remanded the case for further proceedings. [Docket No. 21.] On May 15, 2020, an ALJ issued a fully favorable decision. Mot.,

Ex. A. Plaintiff and her two daughters were awarded a total of $291,118.60 in past-due disability benefits.[1] Mot., Exs. B-D.

The retainer agreement between Plaintiff and Sackett permits Sackett to request a maximum of 25% of any past-due benefits awarded. Mot., Ex. E. Sackett is requesting a gross amount of $37,895.83. Reply at 1. Of this amount, Plaintiff will be refunded $4,730.18 for the Equal Access to Justice Act ("EAJA") fees this court approved on June 28, 2019. *See* Docket No. 25. Sackett also proposes to reduce his fee by an additional $3,165.65 as a "courtesy." *See* Mot. at 2, Reply at 2. Sackett's proposal on this point is confusing since it appears that he is seeking a court order awarding the full amount but also deducting the courtesy amount. This is convoluted. A request for attorneys' fees should clearly state the final amount requested. Accordingly, the court declines to consider the courtesy reduction as part of the fee request and will instead decide whether Sackett is entitled to an award of $34,730.18.

The Commissioner does not oppose Sackett's request for fees. Instead, he presents an analysis of the requested fees in his role "resembling that of a trustee" for Plaintiff. *See* Response at 2.

## II. LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation

---

[1] Sackett's motion states that the total award is $290,712.60. Mot. at 2. This figure does not appear to match the award amounts in the supporting documentation he submitted. *See* Mot., Exs. B-D. The discrepancy is not material to this motion.

2

or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

**III. DISCUSSION**

In this case, Sackett reports that he spent 22.85 hours litigating this case, not including the time he spent on administrative proceedings. Mot., Ex. F. Therefore, granting Sackett's request of $34,730.18 in attorneys' fees would result in an effective hourly rate of $1,519.92.[2]

Upon considering the record and arguments, the court finds that fees requested are reasonable. First, the requested fee amount constitutes approximately 11.9% of the past-due benefits awarded to Plaintiff and her daughters, which is well below the statutory maximum of 25%. The hours Sackett expended on this case also appear to be reasonable. *See* Mot., Ex. F.

Second, although Sackett's effective hourly rate is high, *Gisbrecht* and *Crawford* makes clear that lodestar methodology should not drive fee awards under section 406(b).[3] This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with

---

[2] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

[3] For the same reasons, the court rejects Sackett's arguments regarding lodestar enhancements. *See* Mot. at 4-5. In evaluating the reasonableness of fee awards under section 406(b), the court starts with the contingent-fee agreement and decides whether the contracted amount needs to be reduced, "not whether the [lodestar] amount should be enhanced." *See Crawford*, 586 F.3d at 1149.

3

the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

Third, courts in this district have awarded comparable fees under section 406(b). *See, e.g.*, *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding Sackett $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits awarded).

Finally, nothing in the record suggests that Sackett provided substandard representation. He achieved a substantial award of past-due benefits for his client. Plaintiff supports the fee request and represents that she is satisfied with Sackett's representation. *See* Mot., Ex. H.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $34,730.18. Sackett shall refund Plaintiff the $4,730.18 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: June 8, 2021



Donna M. Ryu
United States Magistrate Judge

4